UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:13-CR-00020-GFVT-HAI-19 |
| | ) | |
| V. | ) | |
| | ) | |
| HARRISON B. SULFRIDGE, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 1300.] Defendant Harrison B. Sulfridge has been charged with two violations of his supervised release. *Id*. at 2.

Mr. Sulfridge pled guilty to conspiracy to manufacture fifty grams or more of a methamphetamine mixture in violation of 21 U.S.C. § 846. [R. 635.] He was originally sentenced to fifty-seven months of imprisonment followed by a four-year term of supervised release. *Id.* That sentence was later reduced to forty-six months of incarceration pursuant to 18 U.S.C. § 3582 (c)(2). Mr. Sulfridge was released from custody and began his four-year term of supervised release on October 21, 2016.

On August 1, 2019, the United States Probation Office (USPO) issued the Supervised Release Violation Report (the Report) that initiated these proceedings. Mr. Sulfridge was arrested on August 16, 2019. According to the Report, Mr. Sulfridge has committed two violations of his supervised release conditions stemming from a urine sample which tested positive for methamphetamine. *Id*. Violation 1 alleges Mr. Sulfridge violated the condition requiring that he refrain from the use and possession of any controlled substance, except as

prescribed by physician. This is a Grade C violation. Violation 2 alleges that Mr. Sulfridge violated the condition requiring that he not commit another federal, state or local crime. This Violation is based on Mr. Sulfridge's criminal history and the possession of methamphetamine, which is in violation of 21 U.S.C. § 844(a) and a Class E felony. This is a Grade B violation.

Upon his initial appearance before Magistrate Judge Hanly A. Ingram on August 19, 2019, Mr. Sulfridge knowingly, voluntarily, and intelligently waived his right to a preliminary hearing. [R. 1292.] The United States moved for interim detention and Mr. Sulfridge did not object. *Id*. Judge Ingram determined detention was appropriate, as he had failed to overcome the burden for release under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a). *Id*. Judge Ingram held a final revocation hearing on September 5, 2019, where Mr. Sulfridge competently entered a knowing, voluntary, and intelligent stipulation to both Violations. [R. 1297.]

With Mr. Sulfridge's criminal history category of I and Grade B[1] violations, Judge Ingram calculated his Guidelines Range to be four to ten months. [R. 1300 at 6.] The United States argued for an eight-month term of incarceration followed by two years of supervised release. Defense Counsel argued for a below-guidelines range sentence of time served, with a two-year term of supervised release to follow.

Taking the parties' positions under advisement, Judge Ingram considered the relevant §§ 3553 and 3583 factors in order to determine an appropriate revocation term of imprisonment. *Id.* As an initial matter, Judge Ingram noted that revocation was mandatory in this case. He then considered the nature and circumstances of the original offense. Mr. Sulfridge's role in the conspiracy was that of a cook; he made and taught others how to make methamphetamine. The

---

[1] *See* U.S.S.G. § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.").

fact that the violations are related to methamphetamine seems to indicate a risk that Mr. Sulfridge will return to trafficking in methamphetamine. Thus, there is a strong need to deter. Methamphetamine is a dangerous drug, and so there is a strong need to protect the public.

Turning to characteristics of the defendant, Judge Ingram also recognized a strong need for treatment, and found Mr. Sulfridge was "fully committed" to inpatient treatment. [R. 1300 at 6.] The Court also recognized Mr. Sulfridge's challenges related to illiteracy. For that reason, Judge Ingram recommended he participate in a program aimed at improving his literacy skills at the discretion of the USPO. Ultimately, Judge Ingram recommended revocation and imprisonment for a term of four months, followed by two years of supervised release under conditions previously imposed, with the added condition that Mr. Sulfridge complete inpatient drug abuse treatment and, to the extent available, a literacy skill improvement program.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). Mr. Sulfrdige has indicated he has no objections to Judge Ingram's Report and Recommendation and has filed a waiver of allocution [R. 1301] as well as a Motion for Entry of Judgment [R. 1302] requesting prompt adoption of the Recommended Disposition.

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and

recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition. Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [**R. 1300**] as to Defendant Harrison B. Sulfridge, is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Sulfridge is found **GUILTY** of Violation 1 and Violation 2;

3. Mr. Sulfridge's Supervised Release is **REVOKED;**

4. Mr. Sulfridge is hereby **SENTENCED** to a term of incarceration of **four (4) months** with **two (2) years** of supervised release of under the conditions previously imposed, with the added conditions that Defendant complete inpatient drug abuse treatment as directed by USPO, and, to the extent available, complete al iteracy skill improvement program, as directed by the USPO.

5. The USPO SHALL ATTEMPT, in advance of Mr. Sulfridge's release, to arrange substance abuse treatment at a facility of its choosing and assess Mr. Sulfridge for continued outpatient treatment following the inpatient program;

6. Mr. Sulfridge's Motion for Entry of Judgment **[R. 1302]** is **DENIED AS MOOT**; and

7. Judgment shall enter promptly.

This the 8th day of October, 2019.

Gregory F. Van Tatenhove
United States District Judge